168 N.J. Super. 593 (1979)
403 A.2d 965
JANE DOE ET AL., PLAINTIFFS-RESPONDENTS,
v.
BRIDGETON HOSPITAL ASSOCIATION INC. ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 29, 1979.
Decided June 11, 1979.
*595 Before Judges CONFORD, PRESSLER and KING.
Mr. Joseph D. O'Neill argued the cause for the appellants (Messrs. Shapiro Eisenstat, Capizola, O'Neill & Gabage, attorneys for Newcomb Hospital; Mr. William P. Doherty, Jr., attorney for Bridgeton Hospital Association, Inc.; Mr. Wayland A. Lucas, attorney for Salem County Memorial Hospital).
Mr. John R. Heher as Amicus Curiae argued the cause for the New Jersey Hospital Association (Messrs. Smith, Stratton, Wise & Heher, attorneys; Messrs. John R. Heher, Martin F. McKernan and Robert A. White on the brief).
Ms. Nadine Taub argued the cause for the respondents.
PER CURIAM.
In Doe v. Bridgeton Hospital Ass'n, Inc., 71 N.J. 478 (1976), cert. den. 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed. 2d 1100 (1977), the New Jersey Supreme Court held that N.J.S.A. 2A:65A-1 et seq., the so-called conscience law, which permits hospitals to withhold the provision of abortion services or procedures, is not applicable to nonsectarian, nonprofit hospitals. The reason for this holding was the court's perception that such legislatively authorized withholding of services would constitute action by this State in frustration of the federal constitutional right of a woman to obtain a first trimester abortion, that right having been *596 vouchsafed by Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), reh. den. 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973), and Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), reh. den. 410 U.S. 959, 93 S.Ct. 1410, 35 L.Ed.2d 694 (1973).
Following the decision in Doe v. Bridgeton, supra, but before its denial of certiorari, the United States Supreme Court, in a trilogy of cases decided on June 20, 1977, considered the abortion-right issue in the context of public funding and held that while the fundamental right to a first trimester abortion is not constitutionally subject to direct restriction by governmental action, nevertheless, the states are under no constituional compulsion to implement that right by providing public funding for elective abortion services. Thus, in Beal v. Doe, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977), the court sustained the adoption by the Pennsylvania Medicaid plan of regulations limiting Medicaid assistance to only those abortions certified to be medically necessary. In Maher v. Roe, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977), the court sustained regulations of similar import adopted by the Welfare Department of Connecticut. And in Poelker v. Doe, 432 U.S. 519, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977), the court sustained the right of the City of St. Louis, Missouri, to deny city funds for the performance of a nontherapeutic abortion sought by an indigent at a city hospital.
Relying on this trilogy, defendants in Doe v. Bridgeton, supra, moved the trial court for the reopening and reconsideration of the judgment entered by it in conformance with the Supreme Court directive. The trial judge considered the application on its merits and concluded that nothing in the United States Supreme Court decisions in Beal, Maher, or Poelker in any way affected the constitutional underpinnings relied upon by the New Jersey Supreme Court in its original determination of this matter.
We are in full concurrence with the trial judge's view of the import of the Supreme Court trilogy and agree *597 that the essential rights declared in Doe and Roe continue intact. The principle enunciated by the trilogy is that public funding of abortion services is a matter legitimately subject to political rather than judicial determination and hence that the right to obtain a first trimester abortion is not one which must be advanced by the States by the use of public resources. In short, the trilogy holds only that the states need not financially assist in the exercise of the right to an abortion. It preserves, however, without diminution, the Doe and Roe prohibition against the state directly hindering the exercise of that right. It is that prohibition upon which the New Jersey Supreme Court relied in this case, and that prohibition not only endures but has again been reaffirmed by the United States Supreme Court. As it recently declared in Colautti v. Franklin, ___ U.S. ___, 99 S.Ct. 675, 681, 58 L.Ed.2d, 596, 603 (1979), the State may not, prior to viability of the fetus, seek to further its interest in the potential life of the fetus "by directly restricting a woman's decision whether or not to terminate her pregnancy." The New Jersey Supreme Court has already concluded in this case that the applicability of the conscience law to these defendants would constitute an impermissible direct restriction and we continue to be bound thereby.
Affirmed.